## In re PEOPLE'S RAPID TRANSIT R. CO.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

RAILROAD COMPANIES—CONSTRUCTION OF ROAD IN NEW YORK CITY.
Laws N. Y. 1860, c. 10, § 1, providing "it shall not be lawful to lay, construct, or operate any railroad in, upon, or along any or either of the streets or avenues of the city of New York, wherever such railroad may commence or end, except under the authority and subject to the regulations and restrictions which the legislature may hereafter grant and provide," applies to every kind of a railroad, and to one to be constructed part of the way under ground, and at other points crossing over streets at right angles on bridges resting on piers built on private lands.

Appeal from special term, New York county.
Application of the People's Rapid Transit Railroad Company to acquire title to a certrain tract or piece of land, of which Bowie Dash, Esq., and Mrs. Louisa Dash, his wife, and the mayor, aldermen, and commonalty of the city of New York are the owners or persons or parties interested therein. The court below, (PATTERSON, J.,) in denying the application, delivered the following opinion: "The petitioner, organized as a railroad corporation under the general railroad act of 1850, and its amendments, proposes to build and operate a railroad from Tarrytown, in Westchester county, to Park place, in the city of New York. The road in the city of New York, north of One Hundred and Twenty-Fifth street, is designed to be constructed and operated under ground, and south of that street to be built on arches of solid masonry upon property to be acquired from private owners on the blocks bounded north and south by street lines; the road-way to be carried on steel bridges from street line to street line, as it would cross the several streets. Under the act referred to, and no other, the petitioner seeks to acquire lands of private owners, and this proceeding is instituted for the appointment of commissioners to appraise certain real estate belonging to the respondents, and which the petitioner alleges to be necessary for its corporate purposes. It is objected by the owners of the property sought to be taken that the petitioner cannot lawfully construct and operate its proposed railroad in the city of New York. It is urged that the intended structure, being partly an under-ground and partly an elevated road, cannot be built in the city of New York under the general railroad act, and that as to an elevated road no authority to build it exists outside of the rapid transit act, (chapter 606, Laws 1875.) I am not at all satisfied that the provisions of the rapid transit act apply to such a cor-

poration as this, for it would appear that that act relates to roads to be built only within one county; but not passing upon that point, or expressing any opinion upon it, I think the act (chapter 10, Laws 1860) effectually prevents the petitioner from carrying out its proposed enterprise. By the last-mentioned enactment it is provided as follows: 'Section 1. It shall not be lawful to lay, construct, or operate any railroad in, upon, or along any or either of the streets or avenues of the city of New York, wherever such railroad may commence or end, except under the authority and subject to the regulations and restrictions which the legislature may hereafter grant and provide. This section shall not be deemed to affect the operation, as far as laid, of any railroad now constructed and duly authorized, nor shall it be held to impair in any manner any valid grant for or relating to any railroad in said city existing on the first day of January, 1860.' This act does not relate simply to street railroads, for it expressly says 'any railroad,' wherever it may begin or end, wherever its terminal points may be, whether both of those points are in this county or one of them in a distant part of the state; and its undoubted purpose was to preserve the streets and highways of the city from the obstruction and interference of new railroads, except under the authority of, and with restrictions and regulations to be thereafter imposed by, the legislature. As the act does not apply only to street railroads, or to those following the course and direction of particular streets and highways, and operated within the city limits alone, regard being had to its purpose, it should be construed as relating to railroads which would cross streets or highways, or be in and upon parts of such streets. A road may be in and upon a street, and not on the surface of the street. An under-ground road may be in or on the street, although beneath the surface. This has been held as to a street railroad, (*In re New York Dist. Ry. Co.*, 107 N. Y. 51, 14 N. E. Rep. 187,) and it may be in or upon the street, although above surface, even when not supported on ground within the street lines. The object of the act of 1860 being to make it unlawful to obstruct or interfere with or affect rights in the streets without further legislative sanction, it would seem clear that part of a railroad structure might be built over a street, crossing it at right angles, and at such a height as to impede travel, or interfere with street uses, and such a structure would be regarded as in or upon the street. Who is to determine at what elevation or altitude a railroad structure crossing a street is to be regarded as not in or upon the street? It was left to the legislature to regulate and place restrictions upon the construction and operation of railroads to be built in the city of New York, after the year 1860, so far as the streets of that city are concerned, and this view is taken by the court of appeals, (*In re Washington St., etc., R. Co.*, 115 N. Y. 445, 22 N. E. Rep. 356,) although the subject is only incidentally discussed there. It that case it was held that street railroads may still be formed under the general railroad act of 1850 and its amendments, except in the city of New York, as to which the act of 1860 applies; and, speaking of that act of 1860, it is said, in regard to the city of New York, 'It is admitted that the general railroad act has now no application, for by chapter 10 of the Laws of 1860 it is made unlawful to lay, construct, or operate a railroad in New York city, except under the authority of the legislature, to be thereafter granted;' and, although street railroads were then only under consideration, I am satisfied the learned judge who wrote the opinion in that case intended to be understood as meaning the statement just as broadly as he made it; for he was not only speaking with precision in limiting observations of other judges in other cases, and was critically accurate, but there is nothing in the act of 1860 to confine its provisions to street railroads. It embraces all railroads but the excepted classes. With these views, I must deny the application." Petitioner appeals.

*A. Stickney,* for appellant. *G. A. Strong,* for respondent.

PER CURIAM. The order appealed from should be affirmed, with $10 costs and disbursements, for the reasons stated in the opinion of Mr. Justice PATTERSON.